**Deanna BIGONI, Plaintiff,**

v.

**PAY 'N PAK STORES, INC., a foreign corporation; and Roger Hatch, Defendants.**

**Civ. No. 88–1162–FR.**

United States District Court,
D. Oregon.

Aug. 2, 1990.

See also 746 F.Supp. 1.

Charles J. Merten, Merten & Associates, Portland, Or., for plaintiff Deanna Bigoni.

E. Sean Donahue, Carol J. Bernick, Davis Wright Tremaine, Portland, Or., and Michael Reiss, Davis Wright Tremaine, Seattle, Wash., for defendant Pay 'N Pak Stores, Inc.

Steven N. Bogdon, Marsh, Higgins & Foster, Vancouver, Wash., for defendant Roger Hatch.

## OPINION

FRYE, District Judge:

The matters before the court are the motions of defendant Roger Hatch 1) for a separate trial (# 90), and 2) to allow him to engage in discovery regarding the amended complaint (# 93), and the motion of plaintiff Deanna Bigoni to reopen discovery (# 86).

## BACKGROUND

Bigoni filed this action alleging a claim for the intentional infliction of emotional distress based on the alleged threats that defendants Pay 'N Pak Stores, Inc. (Pay 'N Pak) and Hatch had made against her in retaliation for her filing a claim of unlawful discharge against Pay 'N Pak. This court granted summary judgment in favor of Pay 'N Pak, but allowed Bigoni to file an amended complaint alleging that Pay 'N Pak negligently retained Hatch as its employee. Pay 'N Pak was allowed discovery limited to the new claim.

### 1. *Hatch's Motion for Separate Trial*

Hatch moves the court for a separate trial on the grounds that evidence of his misconduct and/or bad acts relevant to Bigoni's claim that Pay 'N Pak negligently retained him as an employee is inadmissible in Bigoni's claim against him. Hatch asserts that this evidence would be prejudicial to him and could not be cured by a limiting instruction.

Discovery relevant to the claim added in the amended complaint against Pay 'N Pak has just begun. The court declines to grant Hatch's motion for a separate trial at this stage in the proceedings. However, Hatch may renew the motion after the pretrial order is lodged.

### 2. *Hatch's Motion to Reopen Discovery*

Hatch moves to reopen discovery as to the new claim of negligent retention alleged by Bigoni against Pay 'N Pak. Hatch seeks to mitigate the prejudice that will result to him from the admission of evidence of his misconduct against Pay 'N Pak which is not independently admissible against him. The motion is not opposed by Bigoni. The motion is granted as to the limited discovery requested.

### 3. *Bigoni's Motion to Reopen Discovery*

Bigoni moves to reopen discovery on the newly alleged claim for negligent retention even though the court granted Bigoni's motion to file an amended complaint based upon her representation that discovery had produced the facts upon which she wanted to state her claim. However, no opposition has been filed to this motion. Bigoni's motion to reopen discovery is granted.

### CONCLUSION

Hatch's motion for a separate trial (# 90) is denied. Hatch's motion to reopen discovery (# 93) is granted. Bigoni's motion to reopen discovery (# 86) is granted. All discovery will close on August 15, 1990 as previously ordered by the court.